UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LATROYA SIMPSON,<br><br>                  Plaintiff,<br>v.<br><br>RAMADA WORLDWIDE, INC., et al,<br><br>                  Defendants. | Case No.: 12-CV-5029-PSG<br><br>**ORDER DENYING MOTION TO STRIKE CLASS ALLEGATIONS AND MOTION FOR MORE DEFINITE STATEMENT**<br><br>**(Re: Docket No. 6)** |

In this putative class action suit, Defendants Ramada Worldwide Inc., et al ("RWI") move to strike class allegations or, in the alternative, move for a more definite statement by Plaintiff Latroya Simpson ("Plaintiff"). Having considered the parties' papers and oral arguments, the court DENIES RWI's motions.

**I.     BACKGROUND**

Unless otherwise noted, the court draws the relevant facts from Plaintiff's complaint. On July 3, 2012, Plaintiff filed a complaint in Santa Cruz County Superior Court on behalf of herself and other similarly situated individuals and alleged that RWI had recorded phone calls between

customers and RWI's representatives without the customers' consent.[1] RWI removed to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2]

According to Plaintiff, RWI does not provide a recorded notification that calls may be recorded, and in fact "intentionally and surreptitiously" records and intercepts the calls.[3] Plaintiff also alleges that she did not consent to having her call recorded, and that during calls to RWI, she shared "sensitive personal information with Defendants, including her name and/or credit card information."[4] Because "Defendants failed to disclose to Plaintiff that her conversations . . . were being recorded," Plaintiff alleges that she "did not give and could not have given consent for the calls to be recorded or monitored."[5]

Plaintiff alleges that through these actions, RWI violated California Penal Code Section 632.7, which prohibits the interception and intentional recording "without the consent of all parties to a communication" of calls between "two cellular radio phones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."[6] She brings her cause of action pursuant to California Penal Code Section 637.2, which provides a cause of action for victims of violations of any section of the California Invasion of Privacy Act.[7]

Plaintiff further alleges that "callers who called or [were] routed to Ramada central reservations were not informed by Defendants or anyone else that their calls were being recorded

---

[1] *See* Docket No. 1 Ex. A ¶ 1.

[2] *See* Docket No. 1.

[3] *See* Docket No. 1 Ex. A ¶ 1.

[4] *See id.* ¶ 17.

[5] *See id.* ¶ 18.

[6] *See id.* ¶¶ 33-38.

[7] *See id.* ¶ 38.

Case No.: C- 12-5029 PSG
ORDER                                             2

and/or monitored."[8]  She contends that as a result the "recording and/or monitoring necessarily occurred without the callers' knowledge or consent."[9]  Plaintiff defines the putative class as:

> All California residents who, at any time during the applicable limitations period preceding the filing of [the] Complaint through the date of resolution, participated in one or more telephone conversations with Ramada central reservations call center from a cellular or cordless telephone located in California and whose calls with the Ramada central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure.[10]

Plaintiff alleges that more than seventy-five members of the defined class exist and that her claims are typical of the class's.[11]  She also contends that common questions exist regarding Defendants' call recording policy and whether it violates California Penal Code Section 632.7.[12]  She asserts that she is an adequate representative and that class treatment is superior to individual claims.[13]  Plaintiff claims as damages civil penalties of $5,000 per violation as California Penal Code Section 637.2 provides.[14]

RWI now moves this court to strike Plaintiff's class allegations and in the alternative to require her to provide a more definite statement in her allegations.[15]

## II.   LEGAL STANDARDS

### A.   Motion to Strike

Fed. R. Civ. P. 12(f) provides that the court may strike from any pleading "redundant, immaterial, impertinent, or scandalous matter."  The purpose of Rule 12(f) is to "avoid the

---

[8] *See id.* ¶ 18.

[9] *See id.*

[10] *See id.* ¶ 20.

[11] *See id.* ¶ 25.

[12] *See id.* ¶ 27.

[13] *See id.* ¶¶ 28-29.

[14] *See id.* ¶ 39.

[15] *See* Docket No. 6.

Case No.: C- 12-5029 PSG
ORDER                                                   3

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[16] The court must "view[] the pleadings in the light most favorable to the non-moving party, and the information will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation."[17] "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."[18]

Fed. R. Civ. P. 23(d)(1)(D) provides that the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Pursuant to Rule 23(d)(1)(D), the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained.[19] As with motions to strike, the court must take into consideration the early stages of the proceeding and must view the pleadings in the light most favorable to the non-moving party.[20] And like Rule 12(f) motions, Rule 23(d)(1)(D) motions should be granted only when the complaint has obvious defects that cannot be cured through the class discovery and class certification process.[21]

**B.  Motion for a More Definite Statement**

Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement when a pleading is so vague and ambiguous that the party cannot reasonably prepare a response. "The

---

[16] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

[17] *Cal. Dept. of Toxic Substances*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

[18] *In re Walmart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

[19] *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009).

[20] *See In re Walmart Stores, Inc.*, 505 F. Supp. 2d at 615.

[21] *See id.*

Case No.: C- 12-5029 PSG
ORDER                                             4

proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."[22]

### III. DISCUSSION

#### A. Motion to Strike Class Allegations

RWI moves to strike Plaintiff's class allegations on the grounds that Plaintiff cannot maintain a class based on the facts she alleges.[23] RWI points to several defects in Plaintiff's complaint: (1) the class is unascertainable; (2) the class is overbroad; (3) the class cannot be maintained under Fed. R. Civ. P. 23(b)(3) because individual fact questions dominate; and (4) the statutory damages are unconstitutionally excessive when aggregated as part of a class action.[24]

Plaintiff responds that RWI's motion is premature and RWI's arguments are more properly addressed after class discovery and during the class certification stage.[25] Plaintiff further argues that even if RWI's motion is not premature, she has sufficiently alleged a proper class that is ascertainable, not overbroad, and not dominated by individual fact questions.[26] As to RWI's excessive damages argument, Plaintiff points to the Ninth Circuit's holding in *Bateman v. American Multi-Cinema, Inc.*[27] that excessive damages should not be a factor at the class certification stage.[28] Plaintiff asserts that the court, therefore, should not consider the potential excessiveness of damages at this earlier stage.[29]

---

[22] *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

[23] *See* Docket No. 6.

[24] *See id.*

[25] *See* Docket No. 18.

[26] *See id.*

[27] 623 F.3d 708 (9th Cir. 2010).

[28] *See* Docket No. 18.

[29] *See id.*

Case No.: C- 12-5029 PSG
ORDER                                    5

The court agrees that RWI's challenge is premature. RWI's papers highlight that what it really seeks is an early class certification determination, rather than merely striking the class allegations.[30] RWI argues extensively about whether documents exist that enable Plaintiff to ascertain through objective criteria the members of the class and whether the class is overbroad as currently defined in light of the mobility of cell phones and California's requirement that to be protected by the California Invasion of Privacy Act, alleged victims must be within California.[31] RWI makes several assertions about how unlikely it is that Plaintiff will be able to pass muster in defining the class and showing that common questions dominate the individual fact determinations that may be required.[32]

RWI may be right, but at this stage, the court has only Plaintiff's pleadings before it. Those pleadings define the class as California residents who used cellular phones or cordless phones to call RWI's call center and were recorded without notice and without consent.[33] At this stage, Plaintiff has made sufficient allegations to survive a motion to strike.[34] Class discovery will serve to refine the class and the allegations and to aid the court in determining whether class certification

---

[30] Many of the cases Defendants cite are from class certification decisions. *See, e.g., Berndt v. Cal. Dep't of Corr.*, Case No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833 (N.D. Cal. May 19, 2010); *Rodriguez v. Gates*, Case No. 99-13190 GAF, 2002 U.S. Dist. LEXIS 10654 (C.D. Cal. May 30, 2002); *Zapka v. Coca-Cola Co.*, Case No. 99-CV-8238, 2000 U.S. Dist. LEXIS 16552 (N.D. Ill. Oct. 26, 2000). The cases Defendants cite where courts granted motions to strike involved class allegations that were far more problematic than Plaintiffs' current class definition. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations regarding iMac "owners" which would include members without standing).

[31] *See* Docket No. 6.

[32] *See id.*

[33] *See* Docket No. 1 Ex. A ¶ 29.

[34] *See Simpson v. Best Western Int'l, Inc.*, Case No. 12-cv-04672-JCS, 2012 WL 5499928, at *5-9 (N.D. Cal. Nov. 13, 2012).

Case No.: C- 12-5029 PSG
ORDER                            6

is appropriate. At this stage, Plaintiff's complaint is not so obviously flawed as to require striking the class allegations.[35]

Accordingly, RWI's motion to strike class allegations is DENIED.

## B.     Motion for a More Definite Statement

RWI contends that Plaintiff failed to adequately state what section of the California Invasion of Privacy Act she alleges RWI violated and that she failed to allege sufficient facts to show her standing to pursue claims under the Act.[36] RWI specifically argues that Plaintiff failed to allege whether she believed the calls she made were "confidential" and whether she knew about the recording of her calls. RWI asserts that, as a result, Plaintiff's complaint is impermissibly vague and ambiguous and RWI "cannot reasonably prepare a response."[37]

RWI's argument is meritless. Plaintiff's complaint plainly states that she is alleging RWI violated California Penal Code Section 632.7 and that she is bringing her cause of action pursuant to California Penal Code Section 637.2.[38] Combined with her factual allegations that RWI violated Section 632.7 by impermissibly recording phone calls with customers without their consent, RWI has more than sufficient notice and ability to prepare a response to Plaintiff's allegations.

As to RWI's standing challenge,[39] RWI's argument stems from its mistaken assertion that Plaintiff brought her claim pursuant to California Penal Code Section 632, which prohibits interception and recording of phone calls where the parties expect the communication to be

---

[35] This case is unlike *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982). In *Falcon*, the plaintiff sought to represent a class consisting of Mexican-Americans whom the defendant allegedly had discriminated against by failing to hire because of their race. *See id.* at 150-51. The plaintiff, however, had been hired by the defendant in contravention of the argument he made on behalf of the class. *See id.* at 159. Plaintiffs' allegations do not suffer from the same type of facial defect.

[36] *See* Docket No. 6.

[37] *See* Fed. R. Civ. P. 12(e).

[38] *See* Docket No. 1 Ex. A ¶¶ 33-38.

[39] *See* Docket No. 6.

Case No.: C- 12-5029 PSG
ORDER                              7

confidential. Section 632.7, however, does not require that the communication be confidential. As the California Supreme Court noted in *Flanagan v. Flanagan*, Section 632.7 provides protection that is broader than Section 632 because it protects any wireless phone conversation, not just confidential communications.[40] Plaintiff, therefore, is not obligated to allege whether she believed the phone conversations she had with RWI's call centers were confidential or whether that belief was objectively reasonable based on her knowledge – or lack thereof – that businesses regularly record their calls with customers.

Because RWI has sufficient notice of the allegations brought by Plaintiff to reasonably respond, its motion for a more definite statement is DENIED.

**IT IS SO ORDERED**

Dated: November 29, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[40] 27 Cal. 4th 766, 776 (2002) ("Significantly, [Sections 632.5, 632.6 and 632.7] protect against interception or recording of *any* communication.").

Case No.: C- 12-5029 PSG
ORDER                                  8